Casebolt v. Ackerman.

---

GEORGE T. CASEBOLT, PLAINTIFF IN ERROR, v. PETER ACKERMAN, DEFENDANT IN ERROR.

The payment of interest on the promissory note of the firm by a copartner, after dissolution of the copartnership but within six years after the maturity of the note, the payment having been made within six years before the bringing of the suit, takes the note out of the statute of limitations.

On error to the Supreme Court.

For the plaintiff in error, *Geo. W. Hubbell.*

The question in this case is this : Does a payment of interest by a partner, after dissolution, on a promissory note made more than six years ago, the payment being made within six years before the bringing of the action, and within six years after the note fell due, take the note out of the statute as against the other partner? This question has never been directly decided by this court, but was decided by the Supreme Court in *Day* ads. *Merritt,* 9 *Vroom* 32, adversely to the insistment of the plaintiff in error. The cases holding that

such payment will take the case out of the statute are princi-
pally founded on the case of *Whitcomb* v. *Whiting, Doug.*
652, decided by Lord Mansfield.   This case is in harmony
with earlier decisions of English courts, notably *Cowp.* 548, 4
*East* 599, *Peake* 93, and 3 *Esp.* 155, but Whitcomb *v.* Whit-
ing is the first English case that holds distinctly that one
joint debtor is agent for the other in making a payment.

The plaintiff in error insists:

I. The case of Whitcomb *v.* Whiting is not conclusive in
our courts, as the decision was not rendered until 1781.   *Vide*
report of case.

II. That the doctrine of Whitcomb *v.* Whiting has been
overruled, and the weight of authority is now that payment
of interest by one partner after dissolution will not take a
note out of the statute as against the others.   Indiana:
*Yandes* v. *Lefavour*, 2 *Blackf.* 371; *Davidson* v. *Turner*, 12
*Ind.* 223.   Illinois: *Ayer* v. *Richards*, 12 *Ill.* 148; *Morton*
v. *Colby*, 52 *Ill.* 202; *Parson* v. *R. R. Co.*, 38 *Ill.* 433;
*Kallenbach* v. *Dickinson*, 100 *Ill.* 427.   New Hampshire:
*Exeter Bank* v. *Sullivan*, 6 *N. H.* 124; *Kelly* v. *Sauberk*,
9 *N. H.* 46; *Whipple* v. *Stevens*, 2 *Fost.* 219.   Pennsyl-
vania: *Levy* v. *Cadet*, 17 *Serg. & Rawle* 126; *Coleman* v.
*Forbes*, 22 *Penna. St.* 156; *Learight* v. *Craighead*, 1 *Penna.*
135; *Houser* v. *Irvine*, 3 *Watts & Serg.* 345; *Showman* v.
*Fegley*, 7 *Penna. St.* 433; *Bush* v. *Stowell*, 71 *Penna. St.* 208.
Alabama: *Lowther* v. *Chappell*, 8 *Ala.* 353; *Wyatts* v. *Bell*,
41 *Ala.* 222; *Knight* v. *Clements*, 45 *Ala.* 89.   Tennessee:
*Belvit* v. *Wayne*, 7 *Yerg.* 534; *Meese* v. *Donelson*, 2 *Humph.*
166.   Ohio: *Palmer* v. *Dodge*, 4 *Ohio St.* 2.   Kansas: *Steele*
v. *Soule*, 20 *Kan.* 39.   Nebraska: *Mayberry* v. *Willoughby*,
5 *Neb.* 368.   Florida: *Tate* v. *Clements*, 16 *Fla.* 339.   South
Carolina: *Stell* v. *Jennings*, 1 *McM.* 297.   Mississippi: *Foute*
v. *Bacon*, 24 *Miss.* 156; *Briscoe* v. *Anketell*, 28 *Miss.* 361.
New York: *Van Keuren* v. *Parmelee*, 1849; *Shoemaker* v.
*Benedict*, 11 *N. Y.* 176; *Winchell* v. *Hicks*, 18 *N. Y.* 558.
Michigan: *Gates* v. *Fisk*, April 13*th*, 1881.   United States

Supreme Court: *Bell* v. *Morrison*, 1 *Pet.* 351; *United State* v. *Wilder*, 13 *Wall.* 254. Whitcomb *v.* Whiting is also disapproved in 3 *Kent Com.* (8th ed.) *55. *Story on Part.*, § 324; 1 *Smith's Lead. Cas.*, pt. 2 (7th ed.) 982.

III. There is no difference in the principle whether payment is made before or after the bar is complete. *Kallenbach* v. *Dickinson*, 100 *Ill.* 427; *Shoemaker* v. *Benedict*, 11 *N. Y.* 176. It will be observed, however, that the judge charged the jury, (*Case*, p. 37, *l.* 10,) that if any payment was made after 1875 the plaintiff would be entitled to recover.

This, therefore, brings before the court both questions, for the jury were left free to find a verdict for the plaintiff whether the payment was made before the bar became complete or not.

IV. Whitcomb *v.* Whiting has been followed in Massachusetts, Connecticut, Michigan, Virginia, North Carolina, Maine, Rhode Island, Delaware, Wisconsin, and by the Supreme Court of New Jersey, but in all these decisions the result is not based on logical grounds, but is founded on the maxim of *stare decisis*.

V. The statute of limitations is one of repose and not of presumption. *Thorpe* v. *Corwin*, *Spen.* 311.

VI. The doctrine of Whitcomb *v.* Whiting is based on the idea that the statute was merely one of presumption, and any legal evidence that it was not paid removed the bar. *Smith's Lead. Cas.*, note to *Whitcomb* v. *Whiting.*

VII. The true theory is that the payment creates a new promise founded on the consideration of the old debt, not the continuation or revival of the old debt, and that for making such new promise no agency can be derived from joint indebtedness. *Bell* v. *Morrison*, *supra*; *Kallenbach* v. *Dickinson*, *supra*, and cases therein cited.

For the defendant in error, *Ackerson & Van Valen.*

The error assigned is based upon the charge of the court

that if payment of interest had been made upon the note in suit, (being a promissory note drawn by a firm,) by one of the members, after the dissolution of the firm but within six years after the maturity of the note, the plaintiff was entitled to recover, notwithstanding the statute of limitations. The precise point involved in this case was discussed and decided in the Supreme Court of this state in the case of *Merritt* ads. *Day et al.*, 9 *Vroom* 32, to the authority and reasoning of which case we respectfully refer.

The opinion of the court was delivered by

THE CHANCELLOR. The question in this case is whether a payment of interest on a promissory note of the firm by a copartner, after dissolution of the copartnership but within six years after the maturity of the note, the payment having been made within six years before the bringing of the suit, takes the note out of the statute of limitations. That the payment has that effect has been constantly held in this state. The doctrine of the leading case of *Whitcomb* v. *Whiting*, *Doug.* 652, has been undeviatingly recognized and applied here. The reasons for it are so familiar as not to warrant even the repetition of them. This question was presented to the Supreme Court in 1875 in *Merritt* ads. *Day*, 9 *Vroom* 32, and in the opinion of the court, delivered by the Chief Justice, the subject was carefully considered, and the doctrine declared to be the established law. I entirely concur in the views there expressed, and therefore shall vote to affirm the judgment in this case.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, PATERSON, WHITAKER. 13.

*For reversal*—None.